UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. BRANCH,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant. | Case No. 14-cv-00297-JCS<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; DENYING MOTION TO EXPAND TO A MULTIDISTRICT PANEL**<br><br>Re: Dkt. Nos. 2, 10 |

## I. MOTION TO PROCEED IN FORMA PAUPERIS

On January 17, 2014, Clarence Branch ("Plaintiff") filed a complaint ("Complaint") against the State of California ("Defendant") and a motion to proceed in forma pauperis ("Motion") in this action. The Court has reviewed the Motion and finds that Plaintiff is indigent. Accordingly, the Motion is GRANTED. *See* 28 U.S.C. § 1915(a) (permitting court to authorize party to proceed in federal action without prepayment of fees if party submits affidavit showing that he is unable to pay such fees).

## II. REVIEW UNDER 28 U.S.C. § 1915

Having granted Plaintiff's Motion, the Complaint must also be reviewed pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Additionally, a case must be dismissed if the court determines "at any time" that federal subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). The Court has reviewed the Complaint, as well as all other materials filed by Plaintiff in this case. The Court dismisses this case with leave to amend based on two independent grounds: (1) Plaintiff fails to properly allege federal subject

matter jurisdiction; and (2) Plaintiff fails to state a claim upon which relief may be granted.[1]

### A. The Complaint

The Complaint is titled "Unlawful Detainer Complaint," but it does not include any information related to an unlawful detainer cause of action, such as the address of the real property at issue or the identity of the person allegedly in unlawful possession. *See* Compl. Instead, the first page of the Complaint appears to be an official form intended for use by state courts in California, titled "Judgment—Unlawful Detainer." *See id.* at 1. Plaintiff appears to have taken a blank version of this form and filled it out as the bulk of his Complaint.

In the space intended for the case number, Plaintiff wrote "Citation #014470142B" and "BA 38262." *See id.* Plaintiff checked the boxes indicating a court judgment by default based on "plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d))." *See id.* No declarations are attached. Plaintiff also checked a box under the category "After Court Trial" indicating that "[a] statement of decision (Code Civ. Proc., § 632)" had been requested, and added a handwritten note "In Personam Relief from Superior Court." *See id.* No statement of decision is attached.

On the next page, Plaintiff checked a box indicating that "Plaintiff . . . is entitled to possession of the premises located at" with no address filled in. *See id.* at 2. Instead of a street address, Plaintiff wrote: "Disposition illegal leavy (fine) 384.00." *See id.* In an item regarding "[a]mount and terms of judgment," Plaintiff wrote "$1,000,000.00." *See id.* Plaintiff wrote "Never" next to one of the boxes on the form that, if checked by a court, would indicate "[c]onditional judgment" based on a finding that "[p]laintiff has breached the agreement to provide habitable premises to defendant as stated in Judgment—Unlawful Detainer Attachment (form UD—110S), which is attached." *See id.* No such forms are attached.

Next, Plaintiff attaches what appears to be a document that he executed on January 9, 2014, promising to appear at the Superior Court of California for the County of San Francisco on January 29, 2014 in connection with citation number 014470142. *See id.* at 3. Plaintiff also

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

attaches copies of several documents that appear to have been given to him on January 9, 2014 in connection with that citation. *See id.* The citation appears to have been for infractions of state or local regulations regarding sleeping in parks and obeying posted signs. *See id.* at 6.

### B.     Supplementary Filings

On January 29, 2014, Plaintiff filed a document titled "Declaration," which states in full, "This will serve as notice of appearance, in the above case number, CV14-0297. Clarence Branch appearing, In Pro Se." *See* Dkt. No. 5.

On February 5, 2014, Plaintiff filed a document titled "Protective Order," which states in full, "Unlawful eviction from the shelter, unjust for no reason. They put me in the street!" *See* Dkt. No. 6.

On February 10, 2014, Plaintiff filed a document titled "Placed on Calendar COA," which states in full, "I Pray Placed on (COA) calendar, both magistrates, Panel, as soon as possible. I am being attacked by Asian gangs on the street [sic] of San Francisco, seriously! 2/15/14 Motion Hearing." *See* Dkt. No. 7.

Also on February 10, 2014, Plaintiff filed a document tilted "Protective Order," which states in full, "Moving to San Antonio, TX. No more mail at 101 Hyde St. I am being Assaulted on the street." *See* Dkt. No. 8.

Also on February 10, 2014, Plaintiff filed a document titled "C.O.A Certificate of Appealability Enter Judgment," which states in full, "I pray to Clerk of Court to certify disposition #014470142." *See* Dkt. No. 9. Attached to this filing are: (1) a form that appears to be intended for use by California state courts titled "Judgment" with various handwritten annotations, and (2) what appears to be an excerpt of the San Francisco Park Code. *See id.*

Also on February 10, 2014, Plaintiff filed a document titled, "Motion to Expand to a Multidistrict Panel," which states in full, "I pray to Clerk of Court to expand to a multidistrict panel and venue San Antonio, TX. Disposition Code # BA 388621 Please attach Gerstein Fund Law Inforcement [sic] Affidavit filed, USC 5-552." *See* Dkt. No. 10. Attached to this filing are: (1) a partially illegible photocopy of a document dated July 18, 2013 and titled "Magistrate Service/Detention Center Arrested Person Registration/Property Form," (2) a partially illegible

photocopy of a document dated July 23, 2013 that appears to be an application to proceed in forma pauperis in the U.S. District Court for the Western District of Texas where the nature of case is stated as "False Arrest (Quasi-in-rem) undisclosed amount," (3) a document apparently issued by the Magistrate Section of the City of San Antonio Municipal Court, ordering that Plaintiff appear before a judge of that court on July 19, 2013, (4) what appears to be an excerpt of a transcript of a bail hearing concerning Plaintiff, (5) what appears to be an excerpt of a docket sheet regarding criminal proceedings against Plaintiff, (6) the first page of a letter dated January 29, 2013 to the Clerk of the Criminal Division of the Superior Court of the District of Columbia from the Department of Mental Health of the Government of the District of Columbia that apparently responds to a court order to conduct a screening of Plaintiff to assist the court in its determination of Plaintiff's competency to stand trial in an assault charge, (7) a Superior Court of the District of Columbia order dated March 19, 2013 and titled "Order Finding Defendant Mentally Incompetent and Ordering Outpatient Competency Restoration Program." *See id.*

### C. Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction over a case only if there is diversity or a federal question. *See Deutsche Bank Nat'l Trust Co. v. Duenas*, C 13-00738 RS, 2013 WL 1662437 (N.D. Cal. Apr. 17, 2013) (adopting magistrate judge's recommendation to dismiss case for lack of subject matter jurisdiction because complaint alleged neither diversity nor federal question). Here, Plaintiff has failed to properly allege subject matter jurisdiction based on either diversity or a federal question.

First, Plaintiff does not allege diversity of citizenship of the parties, nor does he allege an amount in controversy of over $75,000. *See* 28 U.S.C. § 1332. Plaintiff's residency is unclear—the documents indicate that he either resides or has resided in San Francisco, San Antonio, and Washington, D.C.—and so diversity of citizenship is difficult to discern. Even assuming that the parties are diverse, Plaintiff has not alleged that the amount in controversy exceeds $75,000. To the extent that the handwritten note in the Complaint indicating "$1,000,000.00" is intended to be a demand, the Court rejects this because there is no explanation for the number. *See* Compl. at 3. Accordingly, Plaintiff has failed to allege subject matter jurisdiction on the basis of diversity.

4

Second, Plaintiff has failed to properly allege a federal question. In fact, Plaintiff has completely failed to identify any claims at all. The Court does not understand what Plaintiff is trying to say with his handwritten modifications to the state court form. The Court has also reviewed Plaintiff's additional filings, but the Court still does not understand Plaintiff's claim. Without more, Plaintiff has not demonstrated that a federal question exists. Accordingly, Plaintiff has failed to allege subject matter jurisdiction on the basis of a federal question.

### D. Failure to State a Claim

The Court must dismiss an in forma pauperis complaint that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). In determining whether Plaintiff fails to state a claim, the Court assumes that all factual allegations in the Complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* at 663 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

As explained above, the Complaint does not identify any claims at all. Construing the pleadings liberally, it appears that Plaintiff is attempting to challenge a citation that was issued to him in San Francisco on January 9, 2014. However, even this is unclear because he has not provided any explanation of the basis for his challenge. Plaintiff's modifications to the state court form regarding unlawful detainer do not state a claim. The Court notes that the form attached to the Complaint is intended for use by courts, not parties. Additionally, this case does not appear to be one of unlawful detainer. Furthermore, the documents filed on January 29, February 5, and February 10 do not assist the Court in understanding Plaintiff's claim. These filings consist of unsubstantiated statements and unexplained fragments of other proceedings not properly before the Court. In short, the Court cannot discern any claims from the Complaint or the subsequently

5

1    filed materials. Accordingly, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

2    **III.    CONCLUSION**

3    For the foregoing reasons, the Complaint is DISMISSED. Because the Complaint is dismissed, the Motion to Expand to a Multidistrict Panel is DENIED as moot. Plaintiff is given leave to amend his Complaint to state a claim, and to properly allege federal subject matter jurisdiction. Any amended complaint must be filed within thirty days of the date of this Order. If an amended complaint is not filed, the Clerk is directed to close the file.

Plaintiff is encouraged to contact the Legal Help Center of the Justice & Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Appointments can be made by signing up in the appointment book located on the table outside of the door of the Legal Help Center or by calling (415) 782-8982.

**IT IS SO ORDERED**.

Dated: February 25, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge