1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    CLARENCE A. BRANCH,                      Case No.  14-cv-00297-JCS

              Plaintiff,
8
                                             **ORDER DISMISSING AMENDED**
9         v.                                 **COMPLAINT WITH PREJUDICE**
                                             **UNDER 28 U.S.C. § 1915**
10   STATE OF CALIFORNIA,
                                             Re: Dkt. No. 13
              Defendant.
11

12

13   **I.      INTRODUCTION**

14          On February 25, 2014, the Court dismissed Plaintiff Clarence Branch's original complaint

15   with leave to amend within thirty days. *See* Dkt. No. 11. On March 25, 2014, Plaintiff filed an

16   Amended Complaint. *See* Dkt. No. 13 ("Am. Compl."). Having reviewed the Amended

17   Complaint, the Court finds that it contains the same deficiencies as the original complaint.

18   Specifically, subject matter jurisdiction is lacking and Plaintiff has failed to state a claim. For the

19   reasons explained below, Plaintiff's Amended Complaint is DISMISSED with prejudice, and the

20   Clerk is directed to close the file.[1]

21   **II.     REVIEW UNDER 28 U.S.C. § 1915**

22          A court must dismiss an *in forma pauperis* complaint that is (1) frivolous or malicious; (2)

23   fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a

24   defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Additionally, a case must

25   be dismissed if a court determines "at any time" that federal subject matter jurisdiction is lacking.

26   *See* Fed. R. Civ. P. 12(h)(3). The Court has reviewed the Amended Complaint in this case, and it

27   _____

28   [1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28
     U.S.C. § 636(c).

United States District Court
Northern District of California

finds that it suffers from the same flaws as the original complaint. The Court dismisses this case with prejudice based on two independent grounds: (1) Plaintiff fails to properly allege federal subject matter jurisdiction; and (2) Plaintiff fails to state a claim upon which relief may be granted.

### A. Amended Complaint

The Amended Complaint is captioned, "Compel Suppression Amended Complaint." *See* Am. Compl. at 1. Plaintiff writes, "I Pray, Request as amended. United States Attorny [sic], Los Angeles, CA, District Attorny [sic], Los Angeles, CA." *Id.* The next five pages consist of a list in question and answer format that appears to reference a variety of topics, including a writ of habeas corpus, unlawful detainer, consent pursuant to 28 U.S.C. § 636(c), supplementary findings of the Court of Appeals, expansion to a multidistrict panel, diversity of citizenship, federal jurisdiction, and standing orders. *See id.* at 2–6. Included in this list are references to appendices that Plaintiff attaches to the Amended Complaint, which consist of previous filings in this action, excerpts from what appear to be legal reference books, United States Public Law excerpts, state court records from California and Texas, excerpts of the Civil Standing Orders of the undersigned and Magistrate Judge Jacqueline S. Corley, and the ECF docket sheet in this action ("Appendices"). *See id.* at 7–23. The Amended Complaint does not contain a narrative of any events that occurred involving Plaintiff, nor does it contain any other explanation of the claims that Plaintiff is trying to bring.

### B. Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction over a case only if there is diversity or a federal question. *See* 28 U.S.C. §§ 1331, 1332. Here, Plaintiff has failed to allege subject matter jurisdiction based on either diversity or a federal question.

First, Plaintiff does not allege diversity of citizenship of the parties, nor does he allege an amount in controversy of over \$75,000. *See* 28 U.S.C. § 1332. Plaintiff's residency remains unclear—his address on the cover page is listed as "unkown [sic]"—and so diversity of citizenship is difficult to discern. *See* Am. Compl. at 1. Plaintiff appears to allege that there is diversity because the case has been transferred to the Department of Justice. *See id.* at 4. To support this assertion, he points to Appendix D, which appears to be a court record of some kind dated

United States District Court
Northern District of California

December 16, 2011, noting: "arrest disposition report sent via file transfer to Department of Justice." *See id.* at 18. However, it is not clear who authored the document, where the document is from, or what it is about. Further, even if the Court were able to discern the nature of the document, the Court fails to see how it would support a finding of diversity. Even assuming that the parties are diverse, Plaintiff does not allege that the amount in controversy exceeds $75,000. He includes the number "75,000" in his Amended Complaint, but to the extent that this is a demand, it is not supported by any explanation of what the claim is for or who the claim is against. *See id.* at 4. Accordingly, Plaintiff has failed to allege subject matter jurisdiction on the basis of diversity.

Second, Plaintiff fails to properly allege a federal question because Plaintiff has failed to identify any claims at all. Plaintiff appears to allege that there is federal question jurisdiction with the notation, "prima facie evidence and violation, habeas corpus jurisdiction." *See id.* at 4. To support this assertion, he points to Appendix E and E1, which appear to be excerpts of Public Laws regarding forfeitures in the context of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a), and provisions regarding writs of habeas corpus. *See id.* at 19–20. However, Plaintiff does not explain how his situation applies to the laws that he cites. To the extent that he may be seeking a writ of habeas corpus, this does not appear to be applicable because Plaintiff does not appear to be in custody. *See* 28 U.S.C. § 2241 (writs of habeas corpus may be extended to individuals in custody). Accordingly, Plaintiff has failed to allege subject matter jurisdiction on the basis of a federal question.

### C.   Failure to State a Claim

The Court must dismiss an *in forma pauperis* complaint that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). In determining whether Plaintiff fails to state a claim, the Court assumes that all factual allegations in the Complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* at 663

1    (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the complaint has been

2    filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally and []

3    afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

4    (citation omitted).

5           Here, the Amended Complaint does not identify any claims at all. Construing the pleadings

6    liberally, it appears that Plaintiff is attempting to challenge his past arrests or citations. However,

7    he has not provided any explanation of the basis for his challenge. The legal citations that he

8    provides are not accompanied by any explanation of how they apply to his case, and the Court

9    cannot discern any claims from Plaintiff's pleadings.

10          In general, "[d]ismissal without leave to amend is improper unless it is clear . . . that the

11   complaint could not be saved by an amendment." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th

12   Cir. 2013) (citations omitted). However, "[t]he district court's discretion to deny leave to amend is

13   particularly broad where plaintiff has previously amended the complaint." *Cafasso, United States

14   ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations omitted)

15   (internal quotation marks omitted).

16          The Court previously granted Plaintiff leave to amend and instructed Plaintiff regarding

17   the deficiencies in his original Complaint. Plaintiff's Amended Complaint does not cure those

18   deficiencies. Nor has Plaintiff alleged any facts suggesting that the shortcomings can be cured by

19   further amendment. Accordingly, Plaintiff's Amended Complaint is DISMISSED with prejudice.

20   The Clerk is instructed to close the file.

21          **IT IS SO ORDERED.**

22   Dated: April 25, 2014

23                                                    _____

24                                                    JOSEPH C. SPERO
                                                      United States Magistrate Judge
25

26

27

28

United States District Court
Northern District of California